IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ALVIN LEROY WEST,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00434 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **OFFICER THOMPSON,** *et al.,* | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

Plaintiff Alvin Leroy West, a former inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Officer Mike Thompson and Timberville Police Chief J.R. Dodd. West seeks leave to proceed *in forma pauperis* in this action. Having reviewed West's amended complaint, the court grants his request to proceed *in forma pauperis* but concludes that West fails to state a cognizable federal claim against any of the named defendants. Therefore, the court will dismiss West's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

By conditional filing order entered October 27, 2021, the court advised West that his original complaint failed to state a claim against the named defendants and gave him the opportunity to file an amended complaint. West filed an amended complaint, but it is difficult to understand. West summarily alleges a "violation of [his] 8th Amendment Clause/Rights! Cruel [and] unusual punishment! Per update sheet 1st; release date was May 24[,] 2021; 2nd update release now 9/27/2021!" He claims that he was "unlawfully held 4 additional months without cause or any actions of himself legally [*sic*]. No staff of D.O.C. could explain why! Civil Rights violated!" Finally, he alleges that defendant Officer Thompson "stated, field tested

(2) baggies/ 1: Heroin/2: Meth! Unlawful detainer [and] perjury! Per lab report." As relief, he seeks an unspecified amount of "financial compensation."

Attached to his amended complaint is a Certificate of Analysis dated March 30, 2020, from the Commonwealth of Virginia Department of Forensic Science, and what appears to be two pages from a Timberville Police Report. The Certificate of Analysis lists West as the "suspect" and analyzes the contents of two plastic bags. One bag was determined to contain cocaine and the other bag was determined to contain heroin and fentanyl. The Police Report described the incident leading to West's arrest.

To the extent West alleges that he was subjected to cruel and unusual living conditions, his claim fails. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The Eighth Amendment protects prisoners from cruel and unusual punishment. "[T]o establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that the deprivation of [a] basic human need was *objectively* sufficiently serious, and that *subjectively* the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original, internal alterations omitted). Despite being given the opportunity to amend his complaint, West has not alleged sufficient facts for the court to determine that any of the named defendants subjected him to cruel and unusual punishment. In fact, West fails to allege any facts related to this claim against either of the named defendants.

Further, to the extent West alleges that his conviction or sentence was unlawful, his claim also fails. "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see Wilkinson*, 544 U.S. 74, 81-82 (2005) (recognizing § 1983 claims for declaratory relief are barred under *Heck* if success of the claims would necessarily demonstrate the invalidity of the prisoner's confinement without favorable termination). Because West has neither alleged nor demonstrated that his underlying conviction has been invalidated or set aside, his claim is barred by *Heck*. Moreover, he has not alleged sufficient facts for the court to determine that any of the named defendants were involved in any way in his allegedly unlawful conviction or sentence. Accordingly, the court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[1]

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to West.

**ENTERED** this 15th day of December, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that although West's original complaint (ECF No. 1) was replaced by his amended complaint (*see* ECF No. 11), the original complaint nevertheless also fails to allege any facts against defendants Thompson and Dodd.